UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MCNEIL & COMPANY,                      :
                                       :
        Plaintiff,            :
                                       :      CIVIL NO.  300CV1408(SRU)(WIG)
   v.                                  :
                                       :
SECURITY INSURANCE COMPANY OF          :
HARTFORD, ET AL.                       :
                                       :
        Defendants.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x    JULY 1, 2005

### DEFENDANTS' SUPPLEMENTAL MEDIATION STATUS REPORT

Pursuant to the Court's February 3, 2005 Order (the "Order"), the defendants, Security Insurance Company Of Hartford; Connecticut Indemnity Company; Orion Capital Corporation; Guaranty National Corporation; Royal & SunAlliance USA, Inc.; W. Marston Becker; Michael Scholl; John Maloney; Dwight Moen; Mark Nagles; Alan Lahue; Stephen Mulready; and David Rucker (the "Defendants") hereby submit this Supplemental Mediation Status Report as per the Parties' May 27, 2005 Joint Mediation Status Report.[1]

In the last thirty days, the Parties completed their limited mediation document production. Shortly before the May 27 Report was filed, the Defendants had served limited document requests, and the Plaintiff has since provided all of its documents that are responsive to those requests.

---

[1] Although the May 27 Status Report indicated that the Parties would submit a ***joint*** supplemental mediation status report on July 1, 2005, and counsel for the Parties have discussed the content of an update in the last few weeks, the undersigned counsel was unable to confer with the Plaintiff's counsel concerning this report. As a result, this is not submitted as a joint report. Nonetheless, the Defendants believe that this document accurately reflects the Parties' discussions.

Thereafter, counsel for the Parties conducted several telephone conferences to discuss the parameters and scheduling of the Parties' next mediation as well as substantive settlement terms that included alternate settlement concepts. In the course of these conversations, the Plaintiff recommended that the parties' next mediation session involve a neutral mediator, and the Defendants agreed with this suggestion. Counsel discussed potential mediator candidates and ultimately agreed on Attorney William Narwold. Attorney Narwold previously served as the neutral arbitration panel member in this matter but resigned due to a conflict of interest. The Parties agreed that the prior-disclosed conflict will not bar Attorney Narwold from serving as the mediator.

Because of the time required to agree upon a mediator and to confirm his interest and availability, the Parties were unable to conduct the mediation session before July 1, 2005. The Defendants desire to conduct the mediation before July 31, 2005, but agree with the Plaintiff that, particularly given the time of year, the other obligations of the mediator, counsel and parties may make it impractical to conduct the mediation before August 31, 2005. Although reasonable efforts will be made to conduct the mediation in July, the Defendants request that they, or the Parties collectively, be permitted to submit a second supplemental mediation status report on or before August 31, 2005 in which they will convey one of the following conclusions to the Court:

1. The Parties conducted another mediation session, and the matter has settled;

2. The Parties conducted another mediation session, and additional mediation efforts are warranted such that the Parties will propose a mediation schedule going forward; or,

3. The Parties conducted another mediation session, concluded that further mediation efforts would be unproductive at this time, and intend to promptly proceed with the arbitration.

In light of the Court's concerns regarding the longevity of this case, the Defendants propose that the Court order that if the Parties report that the matter has not settled as a result of

the next mediation, a conference with the arbitration panel be held within 30 days or as soon as reasonably practical thereafter to establish a scheduling order for the arbitration. The Defendants have not conferred with the Plaintiff concerning this last proposal.

        **DEFENDANTS,**
**SECURITY INSURANCE COMPANY OF HARTFORD, CONNECTICUT INDEMNITY CO., ORION CAPITAL CORP., GUARANTY NATIONAL CORP., ROYAL & SUNALLIANCE USA, INC., W. MARSTON BECKER, MICHAEL SCHOLL, JOHN MAHONEY, DWIGHT MOEN, MARK NAGLE, ALAN LAHUE, STEPHEN MULREADY AND DAVID RUCKER,**

/s/ Edward J. Heath
Edward J. Heath (ct 20992)
eheath@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, Ct 06103-3597
Tel.: (860)275-8200
Fax: (860) 275-8299

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent via facsimile on this 1st day of July, 2005 to:

Richard Bieder, Esq.
Neal A. DeYoung, Esq.
Koskoff Koskoff & Bieder PC
350 Fairfield Avenue
Bridgeport, CT 06604

                                            /s/ Edward J. Heath
                                            Edward J. Heath